IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-12-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LATWON JAMES, ) | |
| ) | |
| Defendant. ) | |

On August 6, 2013, pursuant to a plea agreement [D.E. 29], Latwon James ("James") pleaded guilty to one count of conspiracy to possess with intent to distribute and distribute a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. The conspiracy took place from on or about October 2011 until on or about January 22, 2013. See [D.E. 1] 1, 4.

On November 15, 2013, the court held James's sentencing hearing. See Sentencing Tr. [D.E. 41]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") [D.E. 31] and ruled on James's objection. See Sentencing Tr. 3–5; Fed. R. Crim. P. 32(i)(3)(A). The court calculated James's total offense level to be 23, his criminal history category to be IV, and his advisory guideline range to be 70 to 87 months. See Sentencing Tr. 4–5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the government's motion under U.S.S.G. § 5K1.1 [D.E. 33], the court sentenced James to 56 months' imprisonment. See Sentencing Tr. 6–20; [D.E. 35].

On October 30, 2014, James filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 38]. On November 17, 2015, James filed a supporting memorandum. See [D.E. 42]. James's new advisory guideline range is 57 to 71 months' imprisonment, based on a total offense level of 21 and a criminal history category of IV. See id. 4–5. James seeks a 46-month sentence. See id.

The court has discretion to reduce James's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce James's sentence, the court finds that James engaged in a serious and prolonged conspiracy to distribute heroin. See PSR ¶¶ 1–9. Furthermore, James has a lengthy and disturbing criminal history, including multiple convictions for serious drug offenses. See id. ¶¶ 13–29. Moreover, when not incarcerated, James has a poor work history. See id. ¶¶ 43–48. Nonetheless, while incarcerated on his federal sentence, James has taken some positive steps. See [D.E. 42] 6–7; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that James received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing James's sentence would threaten public safety in light of his serious criminal conduct, criminal history, and poor work history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). James's serious criminal conduct, criminal history, and poor work history do not support reducing James's sentence. Thus, the court denies James's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, James's motion for reduction of sentence [D.E. 38] is DENIED.

SO ORDERED. This 6 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge

2